UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 1:23cv24488

REGINALD WILSON,

    Plaintiffs,

vs.

EQUIFAX INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANSUNION, LLC, and
LVNV FUNDING LLC,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Reginald Wilson ("Wilson") by and through undersigned counsel, and for his complaint against the Defendants, alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 et seq. (Federal Fair Credit Reporting Act "FCRA") and Fla. Stat. §559.55, et seq. (Florida Consumer Collection Practices Act "FCCPA").

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. 1367. Venue in this District is proper because Plaintiff resides here.

## PARTIES

3. Plaintiff, Reginald Wilson ("Wilson") is a natural person and resident of Miami-Dade County, Florida.  He is a "consumer" as defined by 15 U.S.C. §1681a(c) and Fla. Stat. §559.55(8).

4. Equifax Information Services, L.L.C ("Equifax") is a limited liability company under the laws of the State of Georgia authorized to do business in the State of Florida.

5. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

6. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

7. Experian Information Solutions, Inc. ("Experian") is a corporation incorporated under the laws of the State of Ohio and authorized to do business in the State of Florida.

8. Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

9. Experian disburses such consumer reports to third parties under contract for monetary compensation.

10. Transunion, LLC ("Transunion") is a limited liability company under the laws of the State of Delaware authorized to do business in the State of Florida.

11. Transunion is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Transunion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12. Transunion disburses such consumer reports to third parties under contract for monetary compensation.

13. Defendant, LVNV FUNDING, LLC. ("LVNV"), is a corporation organized under the laws of the State of Delaware. It is a citizen of the State of South Carolina with its principal place of business at 355 S. Main St., Suite 300-D, Greenville, SC 29601.

14. LVNV is registered with the Florida Department of State Division of Corporations as a corporation. Its registered agent for service of process is Corporation Service Co., 1201 Hays St., Tallahassee, FL 32301

15. LVNV reports credit information to Equifax, Experian, and Transunion and is a "furnisher of information" as defined under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.

## FACTUAL ALLEGATIONS

16. On or about March 18, 2022 LVNV Funding LLC filed suit against Wilson in Hillsborough County, Florida state court to recover a credit card debt ("the debt"). The case style and number are LVNV Funding, LLC v. Wilson, case no. 22-CC-018292.

17. The debt was for a household, family, or personal purpose,

18. The parties resolved the matter and LVNV prepared a Settlement Agreement and Release. Wilson signed the release and sent to LVNV on August 19,2022.

19. Wilson reviewed his credit report from the three credit reporting agencies: Equifax, Experian, and Transunion, and saw that the subject account was still listed on his credit reports.

20. On July 25,2023, Plaintiff sent disputes to Equifax, Experian, and Transunion. A redacted copy of the dispute letter is attached as Exhibit "A."

21. As of the filing of this action, the derogatory tradeline is still on all three of Plaintiff's credit reports.

22. Plaintiff was harmed/damaged both emotionally, physically and financially by the refusal of the Defendants to investigate his dispute.

23. On or about June 12, 2023, LVNV sent another Settlement Agreement and Release in response to the Notice Of Intent To Dismiss For Lack Of Prosecution On Courts Own Motion filed by the state court.

24. On or about August, 18 2023, the state court, filed an Order of dismissal for lack of prosecution with the state court. A copy of the dismissal is attached as Exhibit "B."

## COUNT I AS TO EQUIFAX'S VIOLATION OF 15 U.S.C. §1681e(b)

25. Plaintiff realleges and incorporate paragraphs 1 through 6, and 16 through 24 above as if fully set out herein.

26. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit file it published and maintains concerning the Plaintiff.

27. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damages by loss of credit, loss of the ability to purchase and benefit from a credit, specifically the mental and emotional pain and anguish and the humiliation and embarrassment of potential credit denials.

28. Equifax's conduct, action or inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. 1681o.

29. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE, Plaintiff demand judgment be entered in his favor and against Equifax for the following:

    a) Actual damages in an amount to be proved at trial;

    b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);

    c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);

    d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and

    e) Such other and further relief as this Court deems just and proper.

### COUNT II AS TO EQUIFAX'S VIOLATION OF 15 U.S.C. §1681i

30. Plaintiff realleges and incorporate paragraphs 1 through 6, and 16 through 24 above as if fully set out herein.

31. Equifax violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to LVNV; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

32. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damages by loss of credit, loss of the ability to purchase and benefit from a credit, specifically the mental and emotional pain and anguish and the humiliation and embarrassment of potential credit denials.

33. Equifax's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

34. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

WHEREFORE, Plaintiff demands judgment be entered in his favor and against Equifax for the following:

   a) Actual damages in an amount to be proved at trial;
   b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);
   c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);
   d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and
   e) Such other and further relief as this Court deems just and proper.

**COUNT I AS TO EXPERIAN'S VIOLATION OF 15 U.S.C. §1681e(b)**

35. Plaintiff realleges and incorporate paragraphs 1 through 3, 7 through 9, and 16 through 24 above as if fully set out herein.

36. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit file it published and maintains concerning the Plaintiff.

37. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damages by loss of credit, loss of the ability to purchase and benefit from a credit, specifically the

mental and emotional pain and anguish and the humiliation and embarrassment of potential credit denials.

38. Experian's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. 1681o.

39. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n, 1681o, or both.

WHEREFORE, Plaintiff demands judgment be entered in his favor and against Experian for the following:

   a) Actual damages in an amount to be proved at trial;
   b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);
   c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);
   d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and
   e) Such other and further relief as this Court deems just and proper.

### COUNT II AS TO EXPERIAN'S VIOLATION OF 15 U.S.C. §1681i

40. Plaintiff realleges and incorporate paragraphs 1 through 3, 7 through 9, and 16 through 24 above as if fully set out herein.

41. Experian violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to LVNV; by failing to maintain reasonable procedures with which to filter and verify

disputed information in the Plaintiff's credit files; and by relying upon verification from a source it has reason to know is unreliable.

42. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damages by loss of credit, loss of the ability to purchase and benefit from a credit, specifically the mental and emotional pain and anguish and the humiliation and embarrassment of potential credit denials.

43. Experian's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

44. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n, 1681o, or both.

WHEREFORE, Plaintiff demands judgment be entered in his favor and against Experian for the following:

   a) Actual damages in an amount to be proved at trial;
   b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);
   c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);
   d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and
   e) Such other and further relief as this Court deems just and proper.

**COUNT I AS TO TRANSUNION'S VIOLATION OF 15 U.S.C. §1681e(b)**

45. Plaintiff realleges and incorporate paragraphs 1 through 3, 10 through 12, and 16 through 24 above as if fully set out herein.

46. Transunion violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

47. As a result of this conduct, action and inaction of Transunion, Plaintiff suffered damages by loss of credit, loss of the ability to purchase and benefit from a credit, specifically the mental and emotional pain and anguish and the humiliation and embarrassment of potential credit denials.

48. Transunion's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. 1681o.

49. Plaintiff is entitled to recover costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n, §1681o, or both.

WHEREFORE, Plaintiff demands judgment be entered in his favor and against Transunion for the following:

   a) Actual damages in an amount to be proved at trial;
   b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);
   c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);
   d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and
   e) Such other and further relief as this Court deems just and proper.

### COUNT II AS TO TRANSUNION'S VIOLATION OF 15 U.S.C. §1681i

50. Plaintiff realleges and incorporate paragraphs 1 through 3, 10 through 12, and 16 through 24 above as if fully set out herein.

51. Transunion violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to LVNV; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit files; and by relying upon verification from a source it has reason to know is unreliable.

52. As a result of this conduct, action and inaction of Transunion, Plaintiff suffered damages by loss of credit, loss of the ability to purchase and benefit from a credit, specifically the mental and emotional pain and anguish and the humiliation and embarrassment of potential credit denials.

53. Transunion's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

54. Plaintiff is entitled to recover costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n, 1681o, or both.

WHEREFORE, Plaintiff demands judgment be entered in his favor and against Transunion for the following:

    a) Actual damages in an amount to be proved at trial;

    b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);

    c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);

    d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and

e) Such other and further relief as this Court deems just and proper.

**COUNT I AS TO LVNV'S VIOLATION OF 15 U.S.C. §1681s-2(b)**

55. Plaintiff realleges and incorporate paragraphs 1 through 3 and 13 through 24 above as if fully set out herein.

56. LVNV violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to verify the LVNV's representation within Plaintiff's credit files with Equifax, Experian, and Transunion without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the LNVN representation; by failing to review all relevant information regarding same; by failing to accurately respond to Equifax, Experian, and Transunion; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the LVNV representations to the consumer reporting agencies.

57. As a result of this conduct, action and inaction of LVNV, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit, specifically having to extend a lease on an unwanted vehicle and being unable to obtain a new lease for a new vehicle, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

58. LVNV's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. 1681o.

59. Plaintiff is entitled to recover costs and attorney's fees from LVNV in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

WHEREFORE, Plaintiff demands judgment be entered in his favor and against LVNV for the following:

    a) Actual damages in an amount to be proved at trial;

    b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);

    c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);

    d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and

    e) Such other and further relief as this Court deems just and proper.

**COUNT II AS TO LVNV's VIOLATION OF FLA. STAT. §559.72(9)**

60. Plaintiff realleges and incorporate paragraphs 1 through 3 and 13 through 24 above as if fully set out herein.

61. Defendant, LVNV, by continuing to report a debt that had already been settled, attempted to collect a debt that it knew was not legitimate in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, LVNV, for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiffs demands trial by jury.

                                          Debt Shield Law
                                          3440 Hollywood Blvd., Suite 415
                                          Hollywood, FL 33021
                                          Tel:     754-800-5299
                                          service@debtshieldlaw.com
                                          joel@debtshieldlaw.com
                                          dayami@debtshieldlaw.com

                                           /s/ *Joel D. Lucoff*
                                          Joel D. Lucoff
                                          Fla. Bar No. 192163